**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MIGUEL  GUTIERREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 1:11-cv-00185-TWP-DML |
| | ) |
| THE CITY OF INDIANAPOLIS, and | ) |
| MICHAEL R. KERMON, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff Miguel Gutierrez's ("Mr. Gutierrez") Motion to Reconsider the Court's order which granted in part and denied in part Defendants' Motion for Summary Judgment entered on August 13, 2012 (Dkt. 61).  The Court previously dismissed Mr. Gutierrez's state law false arrest claim on the basis that he did not properly comply with the requirements of the Indiana Tort Claims Act, Ind. Code § 34-13-3-8 ("ITCA").  For the reasons stated below, the Motion (Dkt. 79) is **DENIED**.

Motions to reconsider "serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009).  A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.  *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).  A party seeking reconsideration cannot introduce new evidence that could have

been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Mr. Gutierrez asks that the Court consider additional authority from the Supreme Court of Indiana that addresses the requirements of tort claim notices under the ITCA, and argues that this change in Indiana's interpretation of the law warrants reconsideration of the Court's prior order.  The Court previously determined that because Mr. Gutierrez failed to mention his false arrest claim in his tort claim notice; this claim was barred under the ITCA.  Mr. Gutierrez argues that the Supreme Court of Indiana's decision in *City of Indianapolis v. Buschman*, 988 N.E.2d 791 (Ind. 2013) overruled the authority relied upon by this Court in its summary judgment order, *Howard Cnty. Bd. of Comm'rs v. Lukowiak*, 810 N.E.2d 379 (Ind. Ct. App. 2004), thus requiring the Court to reach a different outcome on the motion for summary judgment on his state law false arrest claim.

In *Buschman*, the plaintiff brought an action pursuant to the ITCA against the City of Indianapolis and the police department, alleging that she sustained personal injuries and property damage as a result of an automobile accident with a police vehicle.  In her tort claim notice, the plaintiff briefly described the accident, provided her and the officer's name and contact information, a copy of the accident report, photographs of the damage, and an estimate of the cost to repair her vehicle.  The notice also stated that there were "no injuries" and claimed that her damages were $960.00.  However, when the plaintiff and her husband filed a complaint against the city and the police department, they asserted claims for personal injury and loss of consortium in addition to the property damage claim.  The defendants argued that the plaintiffs' personal injury and loss of consortium claims were barred because they were not included in the tort claim notice, and because the notice specifically stated that there were no injuries.  The

2

Supreme Court of Indiana disagreed, finding that the tort claim notice substantially complied with the purpose of the act, and held that the plaintiff's notice met the requirements of the ITCA. *Id.* at 794.  The court reasoned that because the ITCA is in derogation of the common law, it must be strictly construed against limitations on the claimant's right to bring suit.  *Id.*  The court found that, because all of the damages claimed by the plaintiff were the result of a single tortious act, the notice, which included details about the accident, was sufficient to put the defendants on notice of the nature of the claims.  *Id.*  "If she had later brought a suit to recover for injuries she sustained in a different collision, or for damages arising out of a separate and independent allegedly tortious act, *Boushehry* [*v. City of Indianapolis*, 931 N.E.2d 892 (Ind. Ct. App. 2010)][1] would likely apply to bar that suit."  *Id*. at 795.   Further, the court stated that to the extent their holding conflicted with *Lukowiak*, they disapproved it.  *Id.*

Mr. Gutierrez's case is distinguishable from *Buschman*, and does not change the outcome of the Court's earlier decision.  Unlike the automobile collision in *Buschman* that constituted a single tortious act that resulted in both property damage and bodily injury, the claim of false arrest arises out of a separate tortious act than that which caused Mr. Gutierrez's physical injuries.  Mr. Gutierrez's allegedly false arrest did not arise out of the "physical and verbal abuse" he claims to have sustained.  False arrest constitutes a "separate and independent allegedly tortious act" and a claim of excessive force or battery does not give rise to an express or implied claim of false arrest.  *Id.* at 795; *see also Duran v. Sirgedas*, 240 F. App'x 104, 131 n.17 (7th Cir. 2007) ("[A] false arrest claim is distinct from an excessive force claim.").

Because false arrest is a separate tort from battery or excessive force, it was necessary for Mr. Gutierrez to include information in his tort claim notice that related to the false arrest claim

---

[1] In *Boushery*, the Indiana Court of Appeals held that a tort claim notice that alleged damages arising from acts different from those alleged in the plaintiff's complaint was insufficient to comply with the ITCA.  931 N.E.2d at 897.

in order to be able to bring such a claim against the Defendants under the ITCA.   "The purpose

of the ITCA is 'to advise the city of the [incident] so that it may promptly investigate the

surrounding circumstances.'" *Buschman*, 988 N.E.2d at 793 (quoting *Collier v. Prater*, 544

N.E.2d 497, 498 (Ind. 1989)).

On September 4, 2009, prior to hiring counsel, Mr. Gutierrez filed the following Notice

of Tort Claim against the Indianapolis Metropolitan Police Department:

> 1.   Claimant: Miguel A. Gutierrez, Indianapolis, IN
> 2.   Occurred on March 8, 2009, in the 428 North Forest Avenue, Indianapolis.
> 3.   I had parked my semi-truck and was returning to my home when I was approached by a man,
> 4.   I later found out was a police officer. The officer proceeded to verbally and physically abuse me causing me serious bodily harm without provocation or just cause.
> 5.   I received a broken rib, many bruises and lacerations to my face and body.
> 6.   I have permanent physical injuries that have caused me lost wages, medical expenses and I will receive future losses as the result of the need for continuing medical care.
> 7.   Although my losses continue to mount, I am seeking damages in excess of $500,000.
> 8.   The residence of the claimant now and at the time of the incident complained of, are the same as stated above.

Mr. Gutierrez's tort claim notice only included information about the "physical and verbal

abuse" allegedly caused by Officers Kermon and Thalheimer, and the physical injuries that he

sustained as a result.   There is no mention in the notice that Mr. Gutierrez was arrested; and

based upon the limited information provided in the tort claim notice, it is not possible to

determine whether an arrest did or did not occur under the circumstances described.   The notice

was not sufficient to put the Defendants on notice that an unlawful arrest also occurred during

the encounter, and it did not give the Defendants the opportunity to promptly investigate the

circumstances giving rise to the alleged unlawful arrest.   Courts in other jurisdictions interpreting

similar tort claim notice statutes have held that a plaintiff's notice of claim that is limited to

allegations of assaultive conduct by police officers does not give rise to an express or implied allegation of false arrest. *See Scott v. City of New York*, 40 A.D.3d 408, 409 (N.Y. App. Div. 2007) (notice insufficient where factual allegations did not mention the fact that plaintiff was subjected to arrest). Thus, the Court finds that *Buschman* is not applicable to this case, and Mr. Gutierrez's failure to include allegations of false arrest in his tort claim notice is insufficient to substantially comply with the ITCA.

Mr. Gutierrez argues that claims for false arrest and excessive force have been recognized by the federal courts as arising from a "single course of wrongful conduct" and that the Court should consider the Defendant's action as a single incident. However, the cases cited by Mr. Gutierrez that support this proposition involve the determination of entitlement to attorney fees under 42 U.S.C. § 1988, which only requires that the claims involve a common core set of facts or course of conduct, *or* common legal theories. *Sassman v. Heart City Toyota*, 879 F. Supp. 901, 916 (N.D. Ind. 1994). The rationale behind this approach in the fee shifting context is because "separating out the legal services rendered with respect to these overlapping claims would be an exercise in futility." *Zabkowicz v. W. Bend Co., Div. of Dart Indus., Inc.*, 789 F.2d 540, 551 (7th Cir. 1986) (internal quotations omitted). Mr. Gutierrez is asking the Court to extend the application and interpretation of a federal statute to a state statute that has an entirely different purpose and policy consideration. While 42 U.S.C. § 1988 serves the purpose of compensating for time expended vindicating civil rights, the purpose of the ITCA is to provide notice to municipalities so that they can investigate claims brought against them. The Court finds that extending such an interpretation of a federal statute to a state statute would be inappropriate, and declines to do so. *See Insolia v. Philip Morris Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) ("When confronted with a state law question that could go either way, the federal

5

courts usually choose the narrower interpretation that restricts liability. . . . Innovative state law

claims should be brought in state court.")

For these reasons, Mr. Gutierrez's Motion to Reconsider (Dkt. 79) is **DENIED.**

**SO ORDERED.**

Date: _11/15/2013_

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Travis E. Shields
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
travis.shields@indy.gov

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
justin.roebel@atg.in.gov

Alexander Phillip Will
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
awill@fbtlaw.com

Beth Ann Garrison
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
beth.garrison@indy.gov

Jennifer Lynn Haley Springer
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
jhaley@indy.gov

Mark John Pizur
CITY OF INDIANAPOLIS, OFFICE OF
CORPORATION COUNSEL
mark.pizur@indy.gov

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com